IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ST. LOUIS GLASS AND ALLIED INDUSTRIES HEALTH & WELFARE INSURANCE FUND, and GLAZIERS, ARCHITECTURAL AND GLASSWORKERS LOCAL 513 DIVISION A PENSION FUND, and GLAZIERS, ARCHITECTURAL AND GLASSWORKERS LOCAL 513 DIVISION A, GLAZIER UNIT MONEY PURCHASE PLAN, and APPRENTICESHIP TRAINING & JOURNEYMAN EDUCATION TRUST FUND, and GLAZIERS AND GLASSWORKERS LOCAL UNION NO.513 VACATION AND HOLIDAY TRUST FUND, all employee benefit plans, and WILLIAM A. SNOW, ROGER SANDBOTHE, TIM BROWN, CURT KIMBRELL, SR., JOHN DEEKEN and GREGG SMITH Trustees of aforementioned Plaintiffs' Funds, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, ) |  |
| ) | Cause No.: |
| v. ) |  |
| ) |  |
| ST. CHARLES GLASS AND GLAZING, INC., ) |  |
| ) |  |
| Defendant, ) |  |

**<u>COMPLAINT</u>**

COMES NOW Plaintiffs, ST. LOUIS GLASS AND ALLIED INDUSTRIES HEALTH & WELFARE INSURANCE FUND, and GLAZIERS, ARCHITECTURAL AND GLASSWORKERS LOCAL 513 DIVISION A PENSION FUND, and GLAZIERS, ARCHITECTURAL AND GLASSWORKERS LOCAL 513 DIVISION A, GLAZIER UNIT MONEY PURCHASE PLAN, and APPRENTICESHIP TRAINING & JOURNEYMAN EDUCATION TRUST FUND and GLAZIERS AND GLASSWORKERS LOCAL UNION

1

NO.513 VACATION AND HOLIDAY TRUST FUND, et al. (hereinafter "Glaziers Local 513 Fringe Benefit Funds") by and through their attorneys, Daniel M. McLaughlin and the law firm of SPECTOR, WOLFE, McLAUGHLIN & O'MARA, LLC, complaining of the Defendant, ST. CHARLES GLASS AND GLAZING, INC., and alleges as follows:

## COMMON ALLEGATIONS

1.      Plaintiffs, Glaziers Local 513 Fringe Benefit Funds, are employee benefit plans within the meaning of Sections 3(1), (2), (3), (21), 502 and 515 of the Employee Retirement Income Security Act of 1974 ('ERISA'), as amended, 29 U.S.C. §§1002(1), (2), (3), (21), 1132 and 1145.  Plaintiffs William A. Snow, Roger Sandbothe, Tim Brown, Curt Kimbrell, Sr., John Deeken and Gregg Smith are the duly designated and acting Trustees of the Fund, and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Defendant, St. Charles Glass and Glazing, Inc., (hereinafter "Defendant'), is a company, authorized to conduct business under the laws of the State of Missouri and as such was an employer and party in interest in an industry affecting commerce within the meanings of Section 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. § 1002(5), (11), (12), and 1145. Defendant employs individuals who are members of, and represented by, Glaziers, Architectural Metal and Glassworkers Local Union No. 513, a local labor organization, and has agreed to provide participation in the Plaintiffs' Glaziers Local 513 Fringe Benefit Funds, so as to provide for benefits for employees of Defendant.  Defendant has its principal place of business at 166 Enterprise Drive, Wentzville, MO 63385.

3.      This Court has jurisdiction by reasons of Sections 502(a)(3)(ii) and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(e)(1) and 1145, in that Plaintiffs' Trustees are

fiduciaries who seek to enforce the provisions of their employee benefit plan.

    4.    Venue is proper pursuant to 29 U.S.C. §1132(e)(2) in that the plan is administered in the Eastern District of Missouri and Defendant can be found in the Eastern District of Missouri.

## COUNT I

    5.    At all times material hereto, Defendant was a party to, and agreed to abide by, the provisions of the collective bargaining agreement (hereinafter the "Agreement') requiring monthly payments to the Glaziers Local 513 Fringe Benefit Funds in specified amounts.  A copy of the Agreement is attached hereto marked as Plaintiffs' **Exhibit A** and made a part hereof.

    6.    Pursuant to Section 515 ERISA, as amended, U.S.C. § 1145, the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Glaziers Local 513 Fringe Benefit Funds respective Agreements and Declaration of Trusts.  A copy of the Glaziers Local 513 Fringe Benefit Funds Agreements and Declarations of Trust are attached hereto, marked as Plaintiffs' **Exhibit B, C, D, E and F** and made a part hereof.

    7.    Pursuant to Article 16, Fringes, of the Agreement, should Defendant fail to make any required contribution to the Glaziers Local 513 Fringe Benefit Funds by the tenth (10th) of the month following the month in which the work was performed, a penalty shall be assessed as follows:   a three percent (3%) penalty if the payment is received between the 20th and 25th, a five percent (5%) penalty if the payment is received between the 25th and 30th, and a ten percent (10%) penalty if the payment is received later than the 30th.

    8.    Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan - (a) the unpaid contributions; (b) interest on the unpaid

contributions; (c) an amount equal to the greater of: (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."

9. Despite Defendant's obligation under the Agreement to make contributions to the Glaziers Local 513 Fringe Benefit Funds, Defendant has failed to remit the same and is delinquent in the payment of its contributions owing to the Funds for a period of July 27, 2019 through October 31, 2019.

10. Despite Defendant's obligation under the Agreement to make contributions to the Glaziers Local 513 Fringe Benefit Funds, Defendant has failed to remit the same and is delinquent in the payment of its contributions owing to the Fund for a period and December 1, 2019 through current.

## COUNT II

11. Plaintiffs, Glaziers Local 513 Fringe Benefit Funds, restate and incorporate by reference paragraphs 1-10 as if fully set forth herein.

12. Pursuant to the Agreement, Defendant was to submit monthly employee contribution reports to Plaintiffs along with payment for said monthly employee contributions.

13. Pursuant to the employee contribution reports provided by Defendant to Plaintiffs, Defendant is delinquent for an amount due and owing to the Plaintiffs of Three Hundred Thirty-Two Thousand One Hundred Thirty-Six Dollars and Eighteen Cents ($332,136.18) for the period of July 27, 2019 through October 31, 2019.

14. Pursuant to the powers vesting unto the Trustees of Glaziers Local 513 Fringe

Benefit Funds in Exhibit B, C, D, E and F, the Fund has entered into a settlement and installment agreement with Defendant for delinquent contributions due and owing for the period July 27, 2019 through October 31, 2019 in the amount of Three Hundred Thirty-Two Thousand One Hundred Thirty-Six Dollars and Eighteen Cents ($332,136.18).

15. Pursuant to said settlement and installment agreement, Defendant was to make a one (1) time down payment of Sixty-Six Thousand Four Hundred Twenty-Seven Dollars and Forty-Five Cents ($66,427.45), plus monthly payments to Plaintiffs in the amount of Twenty-Four Thousand Seven Hundred Ninety-Nine Dollars and Forty-Eight Cents ($24,799.48) beginning on January 10, 2020 for a period of twelve (12) consecutive months.  A copy of the settlement and installment agreement is attached hereto, marked as Plaintiffs' **Exhibit G** and made a part hereof.

16. Defendant made a one (1) time down payment of Sixty-Six Thousand Four Hundred Twenty-Seven Dollars and Forty-Five Cents ($66,427.45), and made two (2) payments of Twenty-Four Thousand Seven Hundred Ninety-Nine Dollars and Forty-Eight Cents ($24,799.48) each, on January 31, 2020 and on February 12, 2020, however Defendant has failed to remit regular monthly fringe benefit payment obligations pursuant to the settlement and installment agreement.

17. Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan - (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of: (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the

defendant; and, (3) such other legal or equitable relief as the court deems appropriate."

18. Despite efforts to collect the delinquency referenced in paragraph 9 herein, Defendant has failed to remit to Plaintiffs' Funds the sum of Two Hundred Forty-Seven Thousand Nine Hundred Ninety-Four Dollars and Eighty-Two Cents ($247,994.82), plus interest and interest in lieu of liquidated damages.

## COUNT III

19. Plaintiffs, Glaziers Local 513 Fringe Benefit Funds, restate and incorporate by reference paragraphs 1-18 as if fully set forth herein.

20. Pursuant to the Agreement, Defendant was to submit monthly employee contribution reports to Plaintiffs along with payment for said monthly employee contributions.

21. Defendant provided Plaintiffs with employee contribution reports for the months of December 2019 and January 2020, however failed to submit any employee contributions with said reports.

22. Pursuant to the employee contribution reports provided by Defendant to Plaintiffs, Defendant is delinquent in submitting employee contributions in the amount of Eighty-Five Thousand Nine Hundred Three Dollars and Sixty-Seven Cents ($85,903.67) for the month of December 2019, delinquent in submitting employee contributions in the amount of One Hundred Twenty-One Thousand Eighty Dollars and Ninety-Seven Cents (121,080.97) for the month of January 2020, and delinquent in an unknown amount for a period of February1, 2020 to current. A copy of Plaintiffs' demand letter is attached hereto, marked as Plaintiffs' **Exhibit H** and made a part hereof.

23. Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary

for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of: (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonably attorney's fees and costs of the action, to be paid by the defendant; and (3) such other legal or equitable relief as the court deems appropriate."

24.     Despite effort to collect the delinquency referenced in paragraph 10 herein, Defendant has failed to remit to Plaintiffs' Funds the sum of Two Hundred Six Thousand Nine Hundred Eighty-Four Dollars and Sixty-Four Cents ($206,984.64), plus additional amounts unknown from February 1, 2020 to current, plus interest and interest in lieu of liquidated damages.

WHEREFORE, Plaintiffs pray the Court as follows:

A.     That judgment be entered in favor of the Plaintiffs, Glaziers Local 513 Fringe Benefit Funds, and against the Defendant for contributions due and owing from July 27, 2019 through October 31, 2019 and December 1, 2019 to the current date;

B.     That additional judgment be entered in favor of the Plaintiffs, Glaziers Local 513 Fringe Benefit Funds, and against the Defendant for a penalty of ten percent (10%) of the total amount of contributions due and owing from July 27, 2019 through October 31, 2019 and December 1, 2019 through the present;

C.     That judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of Four Hundred Fifty-Four Thousand Nine Hundred Seventy-Nine Dollars and Forty-Six Cents ($454,979.46) plus interest and interest in lieu of liquidated damages and costs;

     D.       That the Defendants be decreed to pay to the Plaintiffs' their reasonable Attorney's fees as provided by 29 U.S.C. Section 1132(g)(2); and

     E.       For any other and further relief as may be deemed just and equitable by the Court.

Respectfully Submitted,

GLAZIERS LOCAL 513 FRINGE BENEFIT FUNDS, an employee benefit plan, et al.

/s/ Daniel M. McLaughlin
Daniel M. McLaughlin #52750MO
SPECTOR, WOLFE, McLAUGHLIN
& O'MARA, LLC
710 South Kirkwood Road
Kirkwood, Missouri 63122
(314) 909-0303 Telephone
(314) 909-0306 Facsimile
dan@spectorwolfe.com

Attorney for Plaintiffs