UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS GLASS AND ALLIED, INDUSTRIES HEALTH & WELFARE INSURANCE FUND, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:20-CV-00279 SEP |
| v. | ) ) | |
| ST. CHARLES GLASS AND GLAZING, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment, Doc. [7], pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, Plaintiffs' motion will be granted.

**I.     Factual and Procedural Background**

Plaintiffs are five employee benefit plans, St Louis Glass and Allied Industries Health & Welfare Insurance Fund; Glaziers Architectural and Glassworkers Local 513 Division A Pension Fund; Glaziers Architectural and Glassworkers Local Division A, Glazier Unit Money Purchase Plan; Apprenticeship Training & Journeyman Education Trust Fund; and Glaziers and Glassworkers Local Union No. 513 Vacation and Holiday Trust Fund, as well as their trustees, William A. Snow, Roger Sandbothe, Tim Brown, Curt Kimbrell, Sr., John Deeken, and Gregg Smith (collectively, "Plaintiffs" or the "Funds"). Defendant St. Charles Glass and Glazing, Inc., ("Defendant") is an employer in an industry affecting commerce within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 et seq. Defendant employs individuals who are members of, and represented by, Glaziers, Architectural Metal and Glassworkers Local Union No. 513 (the "Union") and has agreed to participate in the Funds in order to provide benefits for Defendant's employees. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of ERISA.

Plaintiffs allege that Defendant failed to make timely contributions to the Funds as required under the terms of a collective bargaining agreement (the "Collective Bargaining Agreement") between Defendant and the Union.  Plaintiffs further allege that Defendant and the Funds entered into a settlement and installment agreement ("Settlement Agreement") for the amount owed in unpaid contributions for the period between July 27, 2019, and October 31, 2019, plus ten percent interest on the same.  Plaintiffs allege that Defendant made partial payment under the Settlement Agreement, in the amount of one down payment of $66,427.45, and two installment payments, each in the amount of $24,799.48, but that Defendant has failed to remit further regular monthly payments as required by the Settlement Agreement.  Plaintiffs also allege that Defendant failed to make the required contributions for the period between January 1, 2020, and March 31, 2020, and that Plaintiffs are owed unpaid contributions for that period, plus ten percent interest on all amounts due, as well as liquidated damages.

Defendant was served with the Summons and Complaint in this matter on March 13, 2020, and Defendant has not filed an Answer or otherwise contested the Complaint.  Clerk's Entry of Default was entered against Defendant on April 29, 2020, and Plaintiffs filed the instant Motion for Default Judgment.  Defendant has not responded to the entry of default or to the Motion for Default Judgment.

**II.     Legal Standard**

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court.  *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).  Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."  *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17CV02812 AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  Before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the Complaint and the substantive merits of Plaintiffs' claim, that "the unchallenged facts constitute a legitimate cause of action, since a party in default

does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").

With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2). The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies. *See Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 479 n.4 (8th Cir. 1988). Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, No. 17-cv-0942 (KBJ), 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (internal quotation omitted). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

**III.    Discussion**

At all times material to this action, Defendant was a party to and bound by the terms of the Collective Bargaining Agreement with the Union, effective from November 1, 2017, through October 31, 2020. The Collective Bargaining Agreement requires Defendant to make

3

contributions to the Funds for each hour worked by covered employees.  The Collective Bargaining Agreement also incorporates by reference the plans' trust documents, which provide that failure to make timely contributions subjects Defendant to interest, court costs, attorneys' fees, and accounting costs.  Copies of the Collective Bargaining Agreement, the Settlement Agreement, and various relevant fund and trust documents are attached to the Complaint.  *See* Docs. [1-1 through 1-7].

Plaintiffs submit the affidavit of Curt Kimbrell, the Business Representative of Glaziers Architectural and Glassworkers Local 513, who attests to the validity of the attached copy of the Collective Bargaining Agreement.  *See* Doc. [7-1].  Plaintiffs also submit the affidavit of Carol Kaminski, the Fund Representative, who is responsible for calculating delinquent amounts owed to the Funds.  *See* Doc. [7-2].  Kaminski attests that Defendant has failed to remit contributions due and owing to the Funds pursuant to the Settlement Agreement in the amount of $247,994.82.  Kaminski further attests that Defendant has failed to remit contributions due and owing to the Funds from January 2020 through March 2020 in the amount of $250,813.74, based on a payroll compliance examination she conducted.

Based on the documentation and affidavits submitted by Plaintiffs, the Court finds that Defendant was bound at all relevant times by a valid Collective Bargaining Agreement and by the Settlement Agreement, and that it breached its obligations by failing to timely pay the required contributions thereunder.  Plaintiffs have established that Defendant is liable to them for $498,808.56 in unpaid contributions.  Pursuant to ERISA § 1132(g)(2), and the terms of the Collective Bargaining Agreement, Plaintiffs are also entitled to ten percent interest on the unpaid contributions in the amount of $49,880.86, and another $49,880.86 in interest (in lieu of liquidated damages), on those amounts, for a total of $598,570.28.

Pursuant to Section 1132(g)(2)(D), the Court may also award costs and "reasonable" attorneys' fees.  Plaintiffs submit the affidavit of attorney Daniel M. McLaughlin.  According to Mr. McLaughlin, a total of 28.2 hours was expended in connection with this matter, for a total of $5,358.00 for legal services.  Mr. McLaughlin was the only person at his law firm who worked on the case, and his hourly billing rate is $190.00.  This fee is commensurate with fees previously awarded by this Court in similar cases.  *See, e.g., Greater St. Louis Const. Laborers Welfare Fund v. LaBarge*, No. 4:13CV01258 AGF, 2013 WL 6181808 at *2 (E.D. Mo. Nov. 26, 2013) (effective hourly rate of $170 in default judgment action).  Accordingly, the Court

4

finds that the hourly rate and hours expended are reasonable, and Plaintiffs are therefore entitled to $5,358.00 in attorney's fees.  In addition, the firm paid $400.00 for the filing fee, $81.46 for service of process, and $0.90 for Pacer fees, for a total of $482.36 in costs related to this action. Plaintiffs' costs of $482.36 are reasonable and customary and will be awarded as well.

### IV. Conclusion

Upon review of the record, the Court finds that Plaintiffs have provided sufficient evidence to support their motion.  Adding together all the amounts due, Defendant owes Plaintiffs a total of $604,410.64.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [7], is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.


Dated this 8th day of September, 2020.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE